# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENYON FIELDS**                                    **CIVIL ACTION**

**versus**                                           **NO. 12-537**

**BURL CAIN**                                        **SECTION: "H" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Kenyon Fields, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 13, 2008, he was convicted of second degree murder

under Louisiana law.[1]  On May 16, 2008, he was sentenced to a term of life imprisonment without

benefit of probation, parole, or suspension of sentence.[2]  On April 15, 2009, the Louisiana Fourth

Circuit Court of Appeal affirmed that conviction and sentence.[3]  His related writ application was

then denied by the Louisiana Supreme Court on January 29, 2010.[4]

On January 24, 2011, petitioner filed an application for post-conviction relief with

the state district court.[5]  On January 31, 2011, that application was denied.[6]  His related writ

applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on March

29, 2011,[7] and by the Louisiana Supreme Court on November 23, 2011.[8]

---

[1] State Rec., Vol. IV of VI, transcript of February 13, 2008, p. 173; State Rec., Vol. I of VI, minute entry dated February 13, 2008.

[2] State Rec., Vol. IV of VI, transcript of May 16, 2008; State Rec., Vol. I of VI, minute entry dated May 16, 2008.

[3] State v. Fields, 10 So.3d 350 (La. App. 4th Cir. 2009) (No. 2008-KA-1223); State Rec., Vol. II of VI.

[4] State v. Fields, 25 So.3d 829 (La. 2010) (No. 2009-KO-1149); State Rec., Vol. II of VI.

[5] State Rec., Vol. II of VI.

[6] State Rec., Vol. II of VI, Judgment dated January 31, 2011; State Rec., Vol. I of VI, minute entry dated January 31, 2011.

[7] State v. Fields, No. 2011-K-0282 (La. App. 4th Cir. Mar. 29, 2011); State Rec., Vol. II of VI.

[8] State *ex rel.* Fiends [sic] v. State, 76 So.3d 1148 (La. 2011) (No. 2011-KH-0891); State Rec., Vol. VI of VI.

On or after January 15, 2012, petitioner filed the instant federal application for

*habeas corpus* relief.[9]  The state argues that the application is untimely.[10]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

underlying criminal judgment becomes "final."[11] On that point, the United States Fifth Circuit Court

of Appeals has explained:

> The statute of limitations for bringing a federal habeas
> petition challenging a state conviction begins to run on "the date on
> which the [state] judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review."  28
> U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief
> on direct appeal through his state's highest court, his conviction
> becomes final ninety days after the highest court's judgment is
> entered, upon the expiration of time for filing an application for writ
> of certiorari with the United States Supreme Court.  Roberts v.
> Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct

review on January 29, 2010.  Accordingly, his state criminal judgment became final for the purposes

of the AEDPA, and his federal limitations period therefore commenced, on April 29, 2010.  The

---

[9] Rec. Doc. 1.

[10]  Rec. Doc. 17.

[11]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger
the commencement of the statute of limitations, those alternative provisions are not applicable in
the instant case.

federal limitations period then expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After two hundred sixty-nine (269) days of the federal limitations period elapsed, the period was tolled by petitioner's filing of his state post-conviction application on January 24, 2011.[12] Tolling then continued uninterrupted for the duration of the post-conviction proceedings, *but only if petitioner sought supervisory review in a timely manner.* Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).

That caveat is of crucial importance here, because, as the state notes in its response in this proceeding, petitioner's related writ application was untimely filed with the Louisiana

---

[12] State Rec., Vol. II of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty from the state court record with respect to the post-conviction application. Moreover, petitioner failed to date his application and has provided no evidence showing when it was mailed. However, the application was file-stamped by the Clerk of Court as having been filed on January 24, 2011, and petitioner himself states that the application was in fact filed on that date. Rec. Doc. 1, p. 3. Accordingly, in the absence of other evidence to the contrary, the Court will consider that as the date of filing. While that date may be somewhat imprecise, the use of an approximate filing date here is sufficient in light of the fact that petitioner's federal application is extremely untimely. See, e.g., Washington v. Rader, Civ. Action No. 12-136, 2012 WL 2236746, at *1 n.4 (E.D. La. May 14, 2012), adopted, 2012 WL 2200209 (E.D. La. June 15, 2012); Noble v. Cooper, Civ. Action No. 11-2866, 2012 WL 1135867, at *1 n.5 (E.D. La. Mar. 20, 2012), adopted, 2012 WL 1135857 (E.D. La. Apr. 4, 2012).

Supreme Court. In the state post-conviction proceedings, the Louisiana Fourth Court of Appeal denied relief on March 29, 2011. Therefore, petitioner had only until April **28**, 2011, to challenge that judgment by filing a writ application with the Louisiana Supreme Court.[13] However, his related writ application was filed with the Louisiana Supreme Court <u>by hand</u> on April **29**, 2011, one day after the deadline expired, and it was therefore untimely.[14] It is clear that a federal *habeas* petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application.

---

[13] A litigant has only thirty days to file a writ application to challenge a judgment of a Louisiana intermediate appellate court. Louisiana Supreme Court Rule X, § 5(a).

[14] That writ application, a copy of which is included in Volume VI of the state court record, bears a Certificate of Service dated April 29, 2011. Moreover, the application was file-stamped by the Clerk of Court on April 29, 2011, and bears an additional stamp stating "DELIVERED BY HAND." Additionally, the Clerk of Court mailed a notice stating that "[t]he filing was made *by hand* on 4/29/2011." State Rec., Vol. II of VI, letter to petitioner from John Tarlton Olivier dated May 2, 2011 (emphasis added).
     In light of the foregoing, this Court must conclude that the application was in fact filed on April 29, 2011. The Rules of the Louisiana Supreme Court expressly provide: "Applications forwarded by private delivery or courier service shall be deemed timely filed only if received by the clerk on or before the last day of the delay for filing." Louisiana Supreme Court Rule X, § 5(d). That rule applies in the instant case despite the fact that prisoners are often afforded the benefit of a prison "mailbox rule." As numerous courts have noted, prison "mailbox rules" are inapplicable where, as here, the prisoner did not in fact use the prison mail system to file the document by mail. See, e.g., <u>Knickerbocker v. Artuz</u>, 271 F.3d 35, 37 (2nd Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in <u>Houston</u> does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk."); <u>Dison v. Whitley</u>, 20 F.3d 185, 187 (5th Cir. 1994) (holding that a prisoner's "use of an unknown agent does not trigger the <u>Houston</u> exception that is limited to filings with prison officials, over whom a prisoner has no control"); <u>Silva v. King County</u>, No. C08-1447, 2008 WL 4534362, at *1 (W.D. Wash. Oct. 7, 2008) ("Ordinarily, when a prisoner submits a pleading, the pleading is deemed filed on the day that it is given to prison officials for delivery to the Court, under the so-called 'prison mailbox rule.' Here, however, the rule is inapplicable because the complaint and filing fee were hand-delivered to the Court by someone on plaintiff's behalf." (citation omitted)); <u>Pearson v. Vaugh</u>, 984 F. Supp. 315, 317 (E.D. Pa. 1997) (holding that "mailbox rule" is inapplicable when a prisoner decides to send his complaint to a third party for filing, because the prison is no longer responsible for any delays in filing).

Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); see also Batiste v. Rader, Civ. Action No. 11-1025, 2011 WL 8185554, at *2 (E.D. La. Dec. 7, 2011), adopted, 2012 WL 2527063 (E.D. La. June 29, 2012); Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, at *5 (E.D. La. June 26, 2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006). Accordingly, statutory tolling for petitioner's state post-conviction application ceased no later than April 28, 2011.  Grillette, 372 F.3d at 769-71 (a state application ceases to be pending, and tolling therefore ends, when the time for appellate review expires).

Because two hundred sixty-nine (269) days of petitioner's one-year limitations period had already elapsed prior to the commencement of the statutory tolling, he had only ninety-six (96) days remaining once tolling ceased on April 28, 2011.  Accordingly, he had only until August 2, 2011, either to again toll the limitations period or to file his federal application.

Aside from the untimely Louisiana Supreme Court writ application for which no statutory tolling credit can be granted, petitioner had no applications for state post-conviction relief or other collateral review pending at any time during that period.  Therefore, he clearly is not entitled to further statutory tolling.

However, that does not end this Court's inquiry, in light of the fact that the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal

quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that

the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").

A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v.

Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no

evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that

would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling,

his federal application for *habeas corpus* relief had to be filed on or before August 2, 2011, in order

to be timely. His federal application was not filed until on or after January 15, 2012,[15] and it is

therefore untimely.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by Kenyon Fields be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[15] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). The Certificate of Service of the supporting memorandum accompanying petitioner's federal application was dated January 15, 2012. Rec. Doc. 1-1, p. 18. Therefore, the application was obviously given to prison authorities for mailing on or after that date.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this twenty-fourth day of July, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.