# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENYON FIELDS** | **CIVIL ACTION** |
| **versus** | **NO. 12-537** |
| **BURL CAIN** | **SECTION: "H" (3)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Earlier today, a report was issued recommending that petitioner's federal application for *habeas corpus* relief be dismissed as untimely. Shortly thereafter, the undersigned received notice that petitioner recently filed a "traverse" to the state's response in this proceeding.[1] Out of an abundance of caution, this Supplemental Report and Recommendation is being issued to address the arguments petitioner asserts in that traverse.

Petitioner first argues that his writ application in Case Number 2011-KH-0891 was timely filed with the Louisiana Supreme Court. However, as explained in the original Report and Recommendation, that writ application was in fact untimely.

In his traverse, petitioner contends that his writ application was timely because he mailed it to the Louisiana Supreme Court prior to the filing deadline. The state court record disproves that contention. As noted in the Report and Recommendation, the state court record shows that the writ application was delivered to the Louisiana Supreme Court *by hand* by an unknown intermediary, *not mailed*. The application was file-stamped by the Clerk of Court on April 29, 2011, and bore a stamp stating that it had been "DELIVERED BY HAND." Additionally, the

---

[1] Rec. Doc. 19.

Clerk of Court mailed a notice stating that "[t]he filing was made *by hand* on 4/29/2011." State Rec., Vol. II of VI, letter to petitioner from John Tarlton Olivier dated May 2, 2011 (emphasis added). Therefore, the Court rejects petitioner's unsupported and self-serving contrary contention. Because the application was delivered by hand to the Louisiana Supreme Court, the "mailbox rule" does not apply and the application is considered to have been filed one day too late for the reasons explained in the original Report and Recommendation. See Rec. Doc. 20, p. 5 n. 14.

Petitioner next argues that his thirty-day period for filing the Louisiana Supreme Court writ application commenced on the date he received actual notice of the decision of the Louisiana Fourth Circuit Court of Appeal. However, the date of receipt is irrelevant for purposes of statutory tolling, and that argument clearly has no merit. See Louisiana Supreme Court Rule X, § 5(a); Dempsey v. Cain, Civ. Action No. 07-1042, 2010 WL 1254646, at *3 (E.D. La. Mar. 24, 2010), aff'd, 451 Fed. App'x 333 (5th Cir. 2011), cert. denied, 132 S.Ct. 1755 (2012); Glover v. Cain, Civ. Action No. 09-3678, 2010 WL 103762, at *4 (E.D. La. Jan. 7, 2010); Bryant v. State of Louisiana, Civ. Action No. 06-088, 2007 WL 2323383, at *5-7 (E.D. La. Aug. 9, 2007).

Petitioner also argues that he should be granted equitable tolling. However, as explained in the original Report and Recommendation, a petitioner bears the burden of proof to establish his entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence showing that an extraordinary circumstance stood in his way and prevented timely filing of his federal application. Therefore, equitable tolling is not warranted. See Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Lastly, petitioner argues that his underlying substantive claims are meritorious. However, because his federal application was not timely filed, the Court need not, and does not, consider the merits of petitioner's underlying claims.

### **RECOMMENDATION**

Accordingly, for the reasons noted in the original Report and Recommendation, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Kenyon Fields be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twenty-fourth day of July, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.